## BROWN v. RANK.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF WASHINGTON.

No 99. Submitted November 13, 1889. — Decided November 25, 1889.

The defendant in a possessory action in the nature of ejectment, brought in a court of Washington Territory where the laws permitted a mingling of common law and equity jurisdictions, pleaded the general issue, and also set up four defences, one of which was the statute of limitations, and one of which was an equitable defence. The plaintiff filed a general demurrer to the second, third and fourth defences. The demurrer being overruled, the plaintiff elected to stand upon it, and the case was thereupon dismissed: *Held,* that the final judgment was one dismissing the action at law, and was not a judgment in the exercise of chancery jurisdiction.

THE case is stated in the opinion.

*Mr. Leander Holmes,* for appellants, submitted on his brief.

*Mr. W. W. Upton* and *Mr. A. H. Garland,* for appellee, submitted on their brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Appellants commenced a possessory action, in the nature of ejectment, against appellee, in the District Court of the Second Judicial District of Washington Territory, by complaint in the ordinary form. To this the defendant filed an answer, denying title in plaintiffs, and otherwise equivalent to the plea of not guilty; and in addition pleaded affirmatively four defences, setting up, among other things, the ten years' statute of limitations upon actions for the recovery of real property. §§ 25, 26, Code Wash. Ter. 1881, 39. The fourth affirmative defence was addressed to the judge of the District Court, and alleged a variety of facts constituting, appellants contended, an equitable defence, if any at all, which they denied.

The plaintiffs filed a demurrer in these words:

"And now come the plaintiffs and demur to the second, third and fourth separate answers and defences of defendant herein, for the reason that they do not state facts sufficient to constitute a defence to this action."

This demurrer was disposed of, and judgment rendered as follows:

"This case coming on for hearing upon demurrer to the answer, and having been submitted to the court on briefs of counsel of plaintiffs and defendant, and the court, having fully considered the questions presented by the pleadings on file in this case, overrules the demurrer to the answer; to which ruling or decision the counsel for plaintiffs then excepted and gave notice of his intention to appeal; and the counsel for plaintiffs having elected to stand upon the ruling of the court upon said demurrer, and not to reply or further plead to the

answer, the case is now here dismissed with costs against the plaintiffs, to be taxed, and that execution issue therefor. Whereupon counsel for plaintiffs excepted and gave notice of appeal to the Supreme Court."

Appeal was accordingly prosecuted to the Territorial Supreme Court, under the act of the Territory "in relation to the removal of causes to the Supreme Court," approved November 23, 1883. Laws Wash. Ter. 1883, 59. It was held in *Breemer* v. *Burgess*, 2 Wash. Ter. 290, that this act was cumulative and complete within itself, and did not repeal §§ 458, 459 and 460 of the Code of 1881, relating to appeals and writs of error (Code Wash. Ter. 1881, 114), and that cases might be brought up to the Supreme Court of the Territory, either by the procedure prescribed in the Code or that in the statute of 1883. The Code provided for service of a notice of appeal or writ of error, which should contain, among other things, in case of appeal, "a particular description of every decision, ruling, order or decree," by which appellant claimed to have been aggrieved, and which he relied upon as ground for reversal or modification; and "in case of a writ of error, a particular description of the errors assigned." These requisitions were omitted in the act of 1883, but at its July term of that year the Supreme Court adopted a rule, which required, in all law causes brought up under that act, an assignment of errors to be made in writing, filed and served, substantially as provided for in section 458 of the Code.

No assignment having been made, the appeal was dismissed for non-compliance with the rule in that particular, *Brown* v. *Hazard*, 2 Wash. Ter. 464, and the case comes before us on appeal from the judgment of dismissal.

As the rule did not require such assignment in an equity cause, the question passed upon was whether this cause should be held as one in equity or at law, and the court decided that it was the latter.

The act of Congress of April 7, 1874, 18 Stat. 27, c. 80, "concerning the practice in Territorial courts and appeals therefrom," provided that it should not be necessary "in any of the

courts of the several Territories of the United States to exercise separately the common law and chancery jurisdictions vested in said courts; and that the several codes and rules of practice adopted in said Territories respectively, in so far as they authorize a mingling of said jurisdictions or a uniform course of proceeding in all cases whether legal or equitable, be confirmed; . . . *Provided,* that no party has been or shall be deprived of the right of trial by jury in cases cognizable at common law."

By subdivision 4 of section 76 of the Code of the Territory, it was provided that " when the relief sought is of an equitable nature, the complaint shall be addressed to the judge of the district in which the action is brought;" by subdivision 3 of section 83, that " the defendant may set forth by answer as many defences and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both;" and by section 445, that "every final judgment, order, or decision of a District Court, or judge thereof, in actions of an equitable nature, where equitable relief is sought, or where chancery jurisdiction has been exercised, shall be reviewed in the Supreme Court by appeal."

Referring to these provisions, appellants' counsel contends that the fourth affirmative defence, (and he insists the first should be taken with it,) being an equitable defence, the cause, by the action taken thereon, became " transformed into a cause in chancery."

But the demurrer was to the second, third and fourth affirmative defences, and the defendant had also pleaded the general issue. The judgment upon demurrer held the three affirmative defences good. The final judgment was one dismissing the action at law, and, upon the pleadings as they stood, was not a judgment in the exercise of chancery jurisdiction. The Supreme Court correctly held that the cause was at law and not in equity, and this being so, it is not denied that the dismissal for non-compliance with the rule necessarily followed.

*The judgment is affirmed.*